**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            CR No. 10-2309 LH

FORTUNATO BELTRAN-LOPEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Fortunato Beltran-Lopez's Motion to Dismiss Indictment (Doc. 29). The Court, after considering the motion, response, and applicable law, concludes that Defendant's motion to dismiss must be denied.

**I.  BACKGROUND**

On August 10, 2010, a federal grand jury returned a two-count indictment against Defendants Manuel Gambino-Zavala and Fortunato Beltran-Lopez for conspiracy to possess with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846 (Count 1) and for possessing with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count 2).

On October 5, 2010, Defendant Beltran-Lopez filed a motion to dismiss the indictment. Defendant asserts in his motion to dismiss that the Court must dismiss the indictment against him because there is no credible evidence that he was involved in the alleged conspiracy with Manuel Gambino-Zavala to possess with intent to distribute heroin. The Government filed a response asserting that it would be premature and improper to dismiss the indictment at this stage of the

proceedings because the indictment is facially valid, the significance of the evidence in this case is disputed by the parties, and the Government has sufficient evidence to support the charges in the indictment. The Government therefore argues that the case should proceed to trial and the evidence heard by the jury.

## II. DISCUSSION

An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Bedonie*, 913 F.2d 782, 790 (10th Cir. 1990). Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. *See Hamling*, 418 U.S. at 117-18; *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). An indictment need not allege in detail the factual proof that the government will rely on to support the charges. *Dunn*, 841 F.2d at 1029.

"Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). When examining the sufficiency of an indictment, the court should look solely to the basis of the allegations made on the face of the indictment, and such allegations are to be taken as true. *Id.* "Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency." *Id.* The Tenth Circuit, nonetheless, has permitted pretrial dismissal of an indictment based on insufficiency of the evidence where the underlying facts were essentially undisputed and the government did not object to the district court's resort to evidence outside the four corners of the indictment. *Id.* The Tenth Circuit

noted, however, that a pretrial determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt is "the rare exception." *Id.* at 1088.

This case is not "the rare exception." The Government objects to this Court's consideration of evidence at this stage in the proceedings and the operative facts are disputed. There are thus not undisputed facts before the Court showing, as a matter of law, that Defendant could not have committed the offense for which he was indicted. The Court will therefore limit its consideration of the sufficiency of the indictment to the allegations contained therein. *Cf. United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (concluding that dismissals under *Hall* exception are not made on account of lack of evidence to support government's case, but because undisputed evidence shows that, as matter of law, defendant could not have committed offense).

In this case, the Indictment cites the particular statutes for the charged crimes and generally tracks the language of the respective statutes. The allegations, if proved by the Government, are sufficient to establish a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846 (Count 1) and of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count 2). The indictment also includes the dates of the illegal activity, the place where the crimes occurred, the identity of the controlled substance, and the name of one co-conspirator, co-defendant Manuel Gambino-Zavala. For these reasons, the Court finds that the indictment sufficiently provides the elements of the alleged offenses and apprises Defendant of the charges against which he must defend. The indictment thus should not be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Fortunato Beltran-Lopez's Motion to Dismiss Indictment (**Doc. 29**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE